## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| Kelli Simmons, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>Jeremy B.A. Feitelson, Nelsen & Feitelson Law Group PLC, and Brook Run Village Owner's Association, Inc. d/b/a Brook Run Home Owners' Association<br><br>                    Defendants. | **CIVIL ACTION NO.**<br><br><br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

COMES NOW the Plaintiff, Kelli Simmons, by and through the undersigned counsel, and for her Class Action Complaint against the Defendants, Jeremy Feitelson, Nelsen & Feitelson Law Group PLC, and Brook Run Village Owner's Association, Inc. d/b/a Brook Run Home Owner's Association, states as follows:

## I.    INTRODUCTION

1.    Kelli Simmons (hereinafter "Simmons"), individually, and on behalf of all others similarly situated, brings this Complaint for damages against Defendants, Jeremy Feitelson (hereinafter "Feitelson"), Nelsen & Feitelson Law Group PLC (hereinafter "Law Firm") and for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.    Simmons, individually, and on behalf of all others similarly situated also brings this Complaint for damages against Feitelson, Law Firm, and Brook Run Village Owner's Association, Inc. (hereinafter "Brook Run") for violations of the Iowa Debt Collections

Practices Act (hereinafter "IDCPA") Iowa Code § 537.7103, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.    JURISDICTION

3.    Jurisdiction of this Court arises under 28 U.S.C. § 1331. The Court further has jurisdiction over state law claims (IDCPA) pursuant to 28 U.S.C. § 1367(a) as the claims arise out of a common nucleus of operative fact.

4.    Venue in this District is proper under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim that occurred in Polk County, Iowa.

## III.    PARTIES

5.    Simmons is a natural person residing in Polk County, Iowa and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and  a "debtor" as that term is defined in Iowa Code § 537.7102(6).

6.    Defendant Feitelson is a "debt collector" as defined at Iowa Code § 537.7102(5) and 15 U.S.C. § 1692a(6). Under 15 U.S.C. § 1692a(6), Defendant Feitelson is a debt collector, as the definition includes "any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

7.    Defendant Law Firm is a "debt collector" as defined at Iowa Code § 537.7102(5) and 15 U.S.C. § 1692a(6). Under 15 U.S.C. § 1692a(6), Defendant Law Firm is a debt collector, as the definition includes "any person who uses any instrumentality of interstate commerce or the mail in any business  the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or

indirectly, debts owed or due or asserted to be owed or due another." Defendant Law Firm is liable for the actions of Feitelson through the respondent superior doctrine.

8.    Defendant Brook Run is a "debt collector" as defined at Iowa Code § 537.7102(5). Further, Brook Run is liable for the actions of Feitelson and Law Firm under the respondent superior doctrine.

9.    Law Firm is registered to do business in the state of Iowa and has a registered agent of Jeremy Feitelson located at 1200 Valley West Dr. STE 204, West Des Moines, IA 50266.

10.   Brook Run is registered to do business in the state of Iowa and has a registered agent of Thomas J. Gratias located at 1350 NW 13th, St. STE 500, Clive, IA 50325.

## IV.    FACTUAL ALLEGATIONS

11.   On or about May 2012 Simmons received a general warranty deed for the property commonly described as lot 4 in Brook Run Village Plat 9 and recorded at Book 14293 Page 712-713 at the Polk County Recorder's Office.

12.   Simmons received the deed subject to the terms and conditions of the Brook Run's Home Owner's Association including, but not limited to, paying a monthly fee.

13.   This monthly obligation created a debt as that term is defined at 15 U.S.C. §1692a(5).

14.   Sometime prior to January 29, 2018, Plaintiff became delinquent on this debt owed to Brook Run.

15.   Brook Run then retained Law Firm and/or Feitelson in order to collect upon the debt on Brook Run's behalf.

16.   On or about January 29, 2018, Defendant Feitelson sent a letter (hereinafter "the letter") to the Plaintiff stating in part that Feitelson had been retained by Brook Run. The letter

further stated Defendant Feitelson was seeking to collect home owners' association dues that were allegedly owed to Brook Run.

17. The letter failed to give the required Notice of Debt as required by 15 U.S.C § 1692g(a).

18. Instead of giving the required Notice of Debt pursuant to 15 U.S.C. § 1692g, Defendant Feitelson and/or Defendant Law Firm included language in the letter that stated in part that the Plaintiff had to pay the full amount of the debt plus attorney fees in 25 days from the date the letter was sent.

19. The requirement that the Plaintiff pay within 25 days overshadows the rights of the Plaintiff as guaranteed by 15 U.S.C. § 1692g.

20. Defendant Feitelson and/or Defendant Law Firm included language in the letter that stated definitively that the Plaintiff would be liable for court costs and additional attorney fees merely by the filing of the suit.

21. Defendant Feitelson and/or Defendant Law Firm threatened in the letter to take an action that could not be legally taken.

22. Defendant Feitelson and/or Defendant Law Firm brought a suit on behalf of Defendant Brook Run against Plaintiff in the District Court for Polk County Iowa, Small Claims Division on March 2, 2017. Said lawsuit was assigned the case number SCSC612889.

23. After mailing the letter, Defendant Feitelson continued to contact the Plaintiff via text message in an attempt to collect the debt.

24. On Tuesday March 6, 2018 at 5:41 p.m. Feitelson texted Simmons as follows: "Ms. Simmons, I got your message about your HOA dues. Your balance is $1,065 ($375 for the HOA dues, $550 for attorney fee, $85 filing fee, and $55 process server fee). Please make your check payable to Nelsen & Feitelson Law Group, PLC and mail it to my

attention to 1200 Valley West Drive, Suite 606 West Des Moines, Iowa 50266. Jeremy Feitelson."

On Tuesday March 13, 2018 at 3:21 p.m. Feitelson texted Simmons as follows: "Ms. Simmons, I have not received your payment. Please let me know when you intent on sending that in."

25.    On Tuesday, March 13 2018 at 5:06 p.m. Simmons texted Feitelson as follows: "I have talked to my attorney… As I had already indicated to you I had already retained an attorney and am in the process of filing bankruptcy… I have been instructed to refer this matter to him and to have you contact him from here on out. This debt is dischargable and honestly the fees are extreme. Please contract my attorney regarding this debt from here on out… it is Marks Law firm and I'm sure you have their contact info… but it is 515-276-7211 and they can give you any information you need and already have a copy of the paper you filed on me."

26.    On Tuesday, March 13 2018 at 5:13 p.m. Fietelson texted Simmons as follows: "That's not necessary. We'll continue with what we have. Thanks."

27.    On Wednesday March 28, 2018 at 11:52 a.m Feitelson texted Simmons as follows: "Ms. Simmons, the Court entered judgment against you today in the amount of $1065. Please let me know if you would like to work out payment arrangements. This is an attempt to collect a debt, and any information obtained from you will be used for that purpose."

28.    On Wednesday March 28, 2018 at 11:59 a.m. Simmons texted Feitelson as follows: "Again… I already have attorney retained that you can contact about this debt as I have

told you on multiple occasions now.. you have his contact information already that I

have given you as well."

29. In one or more text messages, Feitelson failed to disclose that the communication was

from a debt collector in violation of 15 U.S.C. § 1692e(11).

30. Further, all text messages sent after March 13, 2018 violated 15 U.S.C. §1692c(a)(2) as

Defendants knew that Plaintiff was represented by an attorney and instead communicated

with her directly.

31. One or more members of the class paid the debt as a result of illegal threats contained in

the initial dunning letter sent by Defendant Fietelson and/or Defendant Law Firm.

## V.    CLASS ALLEGATIONS

32. This action is brought on behalf of a class consisting of persons throughout the state of

Iowa who were sent a letter by Defendant Feitelson and/or the Defendant Law Firm

similar to Exhibit A attached hereto, which sought to collect a debt within the previous

one year from the date of filing the above captioned-Complaint.

33. The class is so numerous that joinder of all members is impracticable. Upon

information and belief, each Defendant has unlawfully attempted to collect debt from

numerous consumers in the state of Iowa.

34. Plaintiff brings this action individually and as a Class Action. Pursuant to Rules 23(a)

and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff seeks to certify this

Class.

35. There are questions of law and fact common to the Class that predominate any

questions affecting only individual Class members. The questions include but are not

limited to:

      a.     Did the delinquent account subsequently get assigned to Feitelson and/or Law Firm for collection?

      b.     How many persons did Defendant Feitelson send the alleged illegal letter to within the statute of limitations period??

      c.     Did the letter sent by Feitelson and/or the Law Firm fail to give the required Notice of Debt required by 15 U.S.C. § 1692g(a)?

      d.     Did subsequent communications from Feitelson and/or the Law Firm fail to disclose that it was a communication from a debt collector?

36.    Plaintiff's claims are typical of the claims of the Class members, which all arise from the same operative facts and are based on the same legal theories, including:

      a.     The recovery of statutory and actual damages for Defendant's violations of federal and state collection laws.

      b.     Upon information and belief, through illegal communications one or more members of the class fell victim to the elaborate scheme and paid one or more of the Defendants.

37.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer rights class actions. Neither Plaintiff nor their counsel has any interests that might cause them not to vigorously pursue his case.

38.    This action should be maintained as a Class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members, which would establish incompatible standards of conduct for those opposing the Class.

39.    A Class Action is a superior method for the fair and efficient adjudication of controversy. The interest of Class members in individually controlling prosecution of separate claims against Defendant is small. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained using Defendants' records.

## VI.    CAUSES OF ACTION

**FIRST CLAIM FOR RELIEF: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ. (AS TO FEITELSON)**

40.    Simmons incorporates by reference all the above paragraphs of this complaint as though fully stated herein.

41.    Defendant Feitelson, through the foregoing intentional and negligent acts and omissions, violated provisions of the FDCPA. Defendant's violations include, but are not limited to the following 15 U.S.C. § 1692 et seq.:

a.    1692c(a)(2)  Defendant Feitelson communicated with Plaintiff when he knew she was represented by an attorney.

b.    1692d Defendant Feitelson engaged in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt;

c.    1692e(5) Defendant Feitelson threatened to take any action that cannot legally be taken or that is not intended to be taken;

d.    1692e(10) Defendant Feitelson attempted to collect the debt through false representation or deceptive means;

e.    1692e(11) Defendant Feitelson failed to disclose, after the first communication, that the communication was from a debt collector in his text messages to Plaintiff;

f.    1692f Defendant Feitelson used unfair or unconscionable means to collect or attempt to collect any debt;

g.    1692f(1) Defendant Feitelson attempted to collect any amount not expressly authorized by the agreement creating the debt or permitted by law; and

h.    1692g(a)(3) Defendant Feitelson failed to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

i.    1692g(a)(4) Defendant Feitelson failed to include a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

j.    1692g(a)(5) Defendant Feitelson failed to include a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

42.    As a result of each and every violation by Defendant Feitelson of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Feitelson herein.

**WHEREFORE**, Simmons prays that judgment be entered against Feitelson as follows:

a.    For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b.    For an award of statutory damages of $1,000.00 for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.    For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3; and

d.    For such other and further relief as may be just and proper.

## SECOND CLAIM FOR RELIEF: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq.  (AS TO LAW FIRM)

43.    Simmons incorporates by reference all the above paragraphs of this complaint as though fully stated herein.

44.    Defendant Law Firm, through the foregoing intentional and negligent acts and omissions, violated provisions of the FDCPA. Defendant Law Firm's violations include, but are not limited to the following 15 U.S.C. § 1692 et seq.:

a.    1692c(a)(2)  Defendant Law Firm communicated with Plaintiff when he knew she was represented by an attorney.

b.    1692d Defendant Law Firm engaged in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt;

10

c.    1692e(5) Defendant Law Firm threatened to take any action that cannot legally be taken or that is not intended to be taken;

d.    1692e(10) Defendant Law Firm attempted to collect the debt through false representation or deceptive means;

e.    1692e(11) Defendant Law Firm failed to disclose, after the first communication, that the communication was from a debt collector;

f.    1692f Defendant Law Firm used unfair or unconscionable means to collect or attempt to collect any debt;

g.    1692f(1) Defendant Law Firm attempted to collect any amount not expressly authorized by the agreement creating the debt or permitted by law;

h.    1692g(3) Defendant Law Firm failed to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

i.    1692g(4) Defendant Law Firm failed to include a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

j.    1692g(5) Defendant Law Firm failed to include a statement that, upon the consumer's written request within the thirty-day period, the debt collector will

provide the consumer with the name and address of the original creditor, if different from the current creditor.

45.     As a result of each and every violation by Defendant Law Firm of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant herein.

**WHEREFORE**, Simmons prays that judgment be entered against Law Firm as follows:

a.      For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b.      For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.      For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3; and

d.      For such other and further relief as may be just and proper.

### THIRD CLAIM FOR RELIEF: VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT, IOWA CODE § 537.7103 (AS TO FEITELSON)

46.     Simmons incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

47.     Defendant Feitelson, through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the IDCPA including, but not limited to, the following provisions of the Iowa Code § 537.7103:

a.     537.7103(1)(f) Defendant Feitelson took an action or threatened to take an action to collect the debt prohibited by this chapter or any other law;

b.     537.7103(4)(b) Defendant Feitelson failed to disclose, after the first communication, that the communication was from a debt collector;

48.    As a result of each and every violation by Defendant Feitelson of the IDCPA, Plaintiff Simmons is entitled to actual damages pursuant to Iowa Code § 537.5201(1)(y); statutory damages in an amount between $100.00 and $1,000.00 pursuant to Iowa Code § 537.5201(1)(y); and, reasonable attorney's fees and costs pursuant to Iowa Code § 537.5201(8) from Defendant Feitelson herein.

**WHEREFORE**, Simmons prays that judgment be entered against Defendant Feitelson as follows:

a.     For an award of actual damages for Defendant Feitelson's violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(y);

b.     For an award of statutory damages of $1000.00 to Plaintiff for Defendant Feitelson's violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(y);

c.     For an award of the costs of this action and reasonable attorney's fees for Defendant Feitelson's violations of the IDCPA pursuant to Iowa Code § 537.5201(8) and;

d.     For such other and further relief as may be just and proper.

**FOURTH CLAIM FOR RELIEF: VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT, IOWA CODE § 537.7103 (AS TO LAW FIRM)**

49.    Simmons incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

50. Defendant Law Firm, through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the IDCPA including, but not limited to, the following provisions of the Iowa Code § 537.7103:

    a.   537.7103(1)(f) Defendant Law Firm took an action or threatened to take an action to collect the debt prohibited by this chapter or any other law;

    b.   537.7103(4)(b) Defendant Law Firm failed to disclose, after the first communication, that the communication was from a debt collector; and

    c.   537.7103(4)(e) Defendant Law Firm made a fraudulent, deceptive, or misleading representation or means to collect or attempt to collect a debt through an intentional misrepresentation, or a representation which tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal proceeding; and

    d.   537.7103(5)(e) Defendant Law Firm continued collection attempts and communication with Plaintiff after being advised that the Plaintiff was represented by an attorney and the attorney's contact information was known or could be easily ascertained.

51. As a result of each and every violation by Defendant Law Firm of the IDCPA, Plaintiff Simmons is entitled to actual damages pursuant to Iowa Code § 537.5201(1)(y); statutory damages in an amount between $100.00 and $1,000.00 pursuant to Iowa Code § 537.5201(1)(y); and, reasonable attorney's fees and costs pursuant to Iowa Code § 537.5201(8) from Defendant Law Firm herein.

**WHEREFORE**, Simmons prays that judgment be entered against Defendant Law Firm, as follows:

a.    For an award of actual damages for Defendant Law Firm's violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(y);

b.    For an award of statutory damages of $1000.00 to Plaintiff for Defendant Law Firm's violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(y);

c.    For an award of the costs of this action and reasonable attorney's fees for Defendant Law Firm's violations of the IDCPA pursuant to Iowa Code § 537.5201(8) and;

d.    For such other and further relief as may be just and proper.

**FIFTH CLAIM FOR RELIEF: VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT, IOWA CODE § 537.7103 (AS TO BROOK RUN)**

52.    Simmons incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

53.    Defendant Brook Run, through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the IDCPA including, but not limited to, the following provisions of the Iowa Code § 537.7103:

a.    537.7103(1)(f) Defendant Brook Run or an agent of the Defendant Brook Run took an action or threatened to take an action to collect the debt prohibited by this chapter or any other law;

b.    537.7103(4)(b) Defendant Brook Run or an agent of the Defendant Brook Run failed to disclose in subsequent communications that the communication was from a debt collector;

     c.      537.7103(5)(e) Defendant Brook Run or an agent of Defendant Brook Run continued collection attempts and communication with Plaintiff after being advised that the Plaintiff was represented by an attorney and the attorney's contact information was known or could be easily ascertained.

54.    As a result of each and every violation by Defendant Brook Run of the IDCPA, Plaintiff Simmons is entitled to actual damages pursuant to Iowa Code § 537.5201(1)(y); statutory damages in an amount between $100.00 and $1,000.00 pursuant to Iowa Code § 537.5201(1)(y); and, reasonable attorney's fees and costs pursuant to Iowa Code § 537.5201(8) from Defendant Brook Run herein.

      **WHEREFORE**, Simmons prays that judgment be entered against Defendant Brook Run as follows:

     a.      For an award of actual damages for Defendant Brook Run's violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(y);

     b.      For an award of statutory damages of $1000.00 to Plaintiff for Defendant Brook Run's violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(y);

     c.      For an award of the costs of this action and reasonable attorney's fees for Defendant Brook Run's violations of the IDCPA pursuant to Iowa Code § 537.5201(8) and;

     d.      For such other and further relief as may be just and proper.

## VII.   **TRIAL BY JURY**

55. The Plaintiff respectfully requests a trial by jury.

MARKS LAW FIRM, P.C.

/s/ Samuel Z. Marks_____
Samuel Z. Marks
Attorney I.D. # IS9998821
4225 University Avenue
Des Moines, Iowa 50311
(515) 276-7211
FAX (515)276-6280
EMAIL sam@markslawdm.com
          office@markslawdm.com


Thomas J. Lyons, Jr., Esq.
*Pro Hac Vice to be filed*
Attorney I.D. #: 0249646
367 Commerce Ct.
Vadnais Heights, MN 55127
Telephone: (651)770-9707
Facsimile: (651)704-0907
Email:tommy@consumerjusticecenter.com
ATTORNEYS FOR PLAINTIFF