## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## CIVIL ACTION NO.: 4:18-cv-00206-JAJ-CFB

Kelli Simmons, on behalf of herself and all others
similarly situated,

      Plaintiff,

v.

Jeremy B.A. Feitelson and Nelsen & Feitelson
Law Group PLC,

      Defendants.

## PLAINTIFF'S BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT INCLUDING MOTION FOR ATTORNEYS' FEES AND COSTS AND PAYMENT OF SERVICE AWARD FOR THE CLASS REPRESENTATIVE

The settlement now before this Court for final approval will provide approximately 73 Iowa consumer claimants $100.00 each in statutory damages, which compares favorably with other recent class settlements under the Fair Debt Collection Practices Act ("FDCPA"). The class's aggregate recovery of $7,300 is significant because it may exceed the best possible outcome at trial, even assuming complete victory for Kelli Simmons ("Plaintiff") and the class. Further, Jeremy B.A. Feitelson and Nelsen & Feitelson Law Group PLC ("Defendants") separately will pay $3,000 to Plaintiff, which includes her maximum potential individual statutory damages recovery under the statute as well as a modest incentive award as class representative.

As of today's, date, and after direct mail notice to each class member, no class member has requested exclusion from the settlement. No class members objected to the settlement. In addition, Defendants provided notice of this settlement to the United States Attorney General and the Attorney General of Iowa pursuant to the Class Action Fairness Act ("CAFA"). Given this favorable result—and the widespread support for the settlement by the class members themselves—Plaintiff respectfully requests that this Court approve the settlement.

Plaintiff also respectfully requests that this Court approve Class Counsel's request for attorneys' fees and costs in the total amount of $25,000. The requested fees and expenses are reasonable considering the results achieved and the time and effort that went into doing so. As detailed below and in the Declaration of Thomas J. Lyons Jr. ("Lyons Decl.") and Declaration of Samuel Z. Marks ("Marks Decl."), this proposed fee request is eminently reasonable for this class action and is supported by the record and applicable law and thus should also be approved.

## I.    **BACKGROUND**

Plaintiff's Complaint alleges that Defendants, in connection with their collection process, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Iowa Debt Collection Practices Act ("IDCPA"). Specifically, the Complaint alleges that Plaintiff received a collection letter from Defendants that contained violations of the FDCPA and IDCPA.

Plaintiff's Complaint asserts one claim for violation of FDCPA and one claim for violation of the IDCPA and was brought on behalf of a class of Iowa consumers: consisting

of persons throughout the state of Iowa who were sent a letter by Defendant Feitelson and/or the Defendant Law Firm similar to Exhibit A attached to Plaintiff's Complaint, which sought to collect a debt within the previous one year from the date of filing the above captioned-Complaint.

With respect to relief, the Complaint requested (1) an award of appropriate statutory and punitive damages for violation of the FDCPA; (2) an award of costs and reasonable attorney's fees under the FDCPA and IDCPA; (3) an order enjoining the Defendants from further violations of the FDCPA and IDCPA relative to the offending collection letter (ECF No. 1, Ex. A).

### A. **Summary Of The Settlement.**

Plaintiff and Defendants (collectively "the Parties") have entered into a Settlement Agreement and Release to resolve all claims for the total amount of Thirty Five Thousand Three Hundred Dollars ($35,300.00), plus Defendants pay the costs of the Class Administration. The proposed Settlement of the above-entitled class action litigation is an excellent result and in the best interests of the Class. The proposed Settlement is fair, reasonable, adequate, and, accordingly, should be granted final approval by the Court. The Settlement was reached as a result of rigorous, arm's length negotiations by the Parties and their counsel.

Plaintiff agreed it was in the best interest of the Class to settle based on counsels' investigation and analysis of the facts and law, and after having weighed the benefits to the Settlement Class associated with a prompt and certain resolution of the action against the significant cost, risk and delay that continued prosecution of the action could involve.

Defendants vigorously denied, and continue to deny, all claims asserted in the Action and denied all allegations of wrongdoing and liability but agreed to settle on the terms set forth in the Settlement Agreement for the purpose of avoiding the burden, expense, risk and uncertainty of continuing these proceedings. *Id.*

Under the Settlement, Defendants has agreed, among other things, to pay the 73 class members a sum certain amount of $100.00, including additional payments deductions would be made by the Defendants subject to the Court's approval. These payments include:

- Incentive Award in the amount of $3,000 for the Named Plaintiff for her services as representative of the class;
- Third Party Administrator Costs to be determined;
- Class Member Settlement Payment in an amount of $100.00 per Class Member (73 Class Members), with all unclaimed funds to be awarded to the Iowa Legal Aid; and
- Attorneys' Fees and Costs, which the Parties agree shall not exceed $25,000.00.

*(ECF No. 33)*.

As indicated above, the parties request additional language be added to the Court's Order of Final Approval as to the Settlement Agreement to address how any possible uncashed or returned checks or remaining funds would be handled. As reflected in the Settlement Agreement, the Parties agreed the Initial Distribution checks would expire 90-day after their issuance. *(ECF No. 33)*. What the parties intend is any funds uncashed checks after the 90 days expiration period would be distributed to the Iowa Legal Aid as *cy pres*.[1] In this respect, no Remaining Funds will revert back to Defendants.

---

[1] Defense counsel has reviewed this filing prior to its submission so agrees this is how the parties intended the funds would be distributed.

Plaintiff and the Settlement Class members will release all claims that are related in any way to the collection letter Defendant sent attempting to collect the alleged homeowner association's debts. (*ECF No. 33*).

First Class, Inc. continued to act as class administrator after the Court preliminarily approved this class. The requisite Settlement Notices were mailed to all 73 class members. (*ECF No. 35* – Affidavit of Bailey Hughes). As of the date of this filing, no objections have been filed and no exclusions have been filed. (*See* Lyons Decl. ¶ 6).

Plaintiff is well positioned to request final approval of this Settlement after having litigated this case. During that time, Class Counsel spent time researching and investigating Plaintiff's claims and Defendants' asserted defenses. *Id.*. Class Counsel further conducted discovery and researched Defendants' practices, policies and procedures. *Id.* This research and investigation provided Class Counsel with a thorough understanding of the strengths and weaknesses of this case, and the ability to readily evaluate the risks associated with it, as well as the fairness of the proposed Settlement, which was reached after negotiations. *Id.*

With this thorough understanding, Plaintiff and Class Counsel submit that the Settlement is an excellent outcome for Class Members.[2] *Id.* The benefits and value of the relief to Class Members must be analyzed in light of the risks of protracted and contested litigation, including a possible trial on punitive damages and a promised appeal. *Id.* Thus, the Parties submit that the proposed Settlement is in the best interests of Class Members and warrants final approval.

---

[2] Through discovery Plaintiff learned Defendant's net worth information and assures the Court that this settlement exceeds the statutory maximum provided at 15 U.S.C. § 1692k.

**B. Award of Class Counsel Attorneys' Fees and Costs and Payment of Plaintiff's Class Representative Service Award.**

Defendants have agreed to pay and not object to a motion by Class Counsel for an award of attorney's fees not to exceed Twenty-Five Thousand Dollars ($25,000). Defendants further agreed to pay class administration costs and a service award to the class representative in the amount of Three Thousand Dollars ($3,000). The Court should consider whether to grant or deny these awards separate and apart from its consideration of the fairness, reasonableness, and adequacy of the settlement payments to the class members.

## III. ARGUMENT

### i. THE PROPOSED SETTLEMENT WARRANTS APPROVAL

"The law strongly favors settlements." *Little Rock Sch. Dist. v. Pulaski Cty. No. 1*, 921 F.2d 1371, 1383 (8th Cir. 1990). This is especially true in complex class actions. *In re Zurn Pex Plumbing Products Liability Litigation*, 2013 WL 716088, *6 (D. Minn. 2013) (quoting *White v. Nat'l Football League*, 822 F. Supp. 1389, 1416 (D. Minn. 1993) ("The policy in federal court favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context."); *see also Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148 (8th Cir. 1999) (strong public policy favors settlements and courts should approach class settlements with a presumption in their favor); *Justine Realty Co. v. American Nat. Can Co.*, 976 F.2d 385, 391 (8th Cir. 1992); *Holden v. Burlington Northern Inc.*, 665 F. Supp. 1398, 1405 (D. Minn. 1987). Final approval is nonetheless contingent upon a finding that the settlement is "fair, reasonable, and adequate." *In re Uponor, Inc.*, 716 F.3d 1057, 1063 (8th Cir. 2013).

In this case, Defendants denied any fault, wrongdoing, or liability. After negotiations, all parties concluded it was in their best interests to settle the claims of Plaintiff and the settlement class. In light of the contested factual and legal issues giving rise to questions as to whether a more favorable economic result could or would be accomplished through costly and prolonged litigation, the settlement warrants this Court's approval. The Court should approve the parties' settlement because it is fair, reasonable, and adequate.

### A. The Settlement is Fair, Reasonable, and Adequate

In approving a proposed settlement of a class action under Rule 23(e), the district court must find that the settlement is "fair, reasonable, and adequate." *Van Horn v. Trickey,* 840 F.2d 604, 606 (8th Cir. 1988) (citations omitted); *In re Uponor, Inc.,* 716 F.3d at 1063; *Professional Firefighters Ass'n of Omaha, Local 385 v. Zalewski,* 678 F.3d 640, 648 (8th Cir. 2012). Determining whether a settlement is "fair, reasonable and adequate" involves an evaluation of four factors: "(1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." *In re Uponor, Inc.,* 716 F.3d at 1063 (quoting *Van Horn,* 840 F.2d at 607) (internal quotations omitted).

This determination is left to the "sound discretion" of the district court. *In re Uponor, Inc.,* 716 F.3d at 1063; *Van Horn,* 840 F.2d at 607; *Professional Firefighters,* 678 F.3d at 648. However, the district court's role is limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the parties. *See Zilhaver v. UnitedHealth Group, Inc.,* 646 F.Supp.2d

1075, 1079 (D. Minn. 2009) (the court must find that the settlement was entered into without fraud or collusion among the parties). Courts recognize they are "entitled to rely on the judgment of experienced counsel when evaluating the merits of a proposed class action settlement." *Holden*, 665 F. Supp. at 1420; *see also Petrovic*, 200 F.3d at 1148 (judges should not substitute their own judgment on optimal settlement terms for that of the litigants); *In re Zurn Pex*, 2013 WL 716088, *6 (the court is not trying the case or ruling on the merits of the matters). A presumption of reasonableness is warranted when the settlement is the product of arm's-length negotiations conducted by capable and experienced counsel. *In re Zurn Pex*, 2013 WL 716088, *6; *Little Rock Sch. Dist.*, 921 F.2d at 1383.

In this case, the proposed settlement is the product of extensive, intricate and vigorous arm's-length negotiations between well-informed and experienced lawyers. To that end, "the judgment of the litigants and their counsel" concerning the adequacy of the settlement is entitled to deference. *See Petrovic*, 200 F.3d at 1149; *In re Zurn Pex*, 2013 WL 716088, *6. What is more, there is no evidence of collusion or bad faith as can be gleaned by the fact that there is no "clear-sailing" provision nor any "kicker" provision. Although the parties reached a settlement, Defendants have reserved their right to oppose this motion as well as Plaintiff's attorneys' motion for attorneys' fees and costs. *See In re Zurn Pex*, 2013 WL 716088, *6 (settlement is presumptively valid given the arm's-length negotiations supervised by Magistrate Judge, the discovery conducted, the substantial experience of the parties' attorneys, and the absence of even a single objection to the settlement).

Counsel for all parties firmly believe that this settlement is within the range of fair,

reasonable and adequate. To be sure, this Court must turn to the four *Van-Horn* factors. Here, when evaluating these four factors, the Court can easily determine that the settlement reached between the parties–through their experienced counsel–is fair, reasonable and adequate. Therefore, the Court should approve the parties' class action settlement.

### *1. The merits of the Plaintiff's case support the settlement, weighed against the benefits of settlement.*

The first factor carries the most weight. *Professional Firefighters*, 678 F.3d at 648 (quoting *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 933 (8th Cir. 2005) ("The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'")), *accord Petrovic*, 200 F.3d at 1150. The settlement terms are more than fair – counsel obtained a Seven Thousand Three Hundred Dollar ($7,300) settlement, which was the statutory maximum that could be obtained given Defendants' net worth. The proposed settlement agreed to by the parties obviates the need for lengthy litigation.

The merits of Plaintiff's case must be weighed against these terms of the settlement. Defendants adamantly dispute liability and any wrongdoing with respect to Plaintiff's allegations. For Defendants' practices to violate the FDCPA and IDCPA, Plaintiff needed to establish that Defendants' collection letter, similar to Complaint Exhibit A, failed to comply with the FDCPA and IDCPA. Again, Defendants were prepared to argue and contest these issues. Thus, although Plaintiff believes in her case, there were significant risks associated with this litigation. There was no clear or bright line that established that the letter violated the FDCPA and IDCPA, and Plaintiff's actual damages were in question. In addition,

damages under the FDCPA are awarded on a spectrum of between $0 and $1000 and damages under the IDCPA are awarded in an amount not less than $100 but not greater than $1000. These uncertainties were issues that would be hard fought by Defendants. The quality of settlement terms from class members' perspective, weighed against the capricious uncertainty, extensive time, and costs inherent in complex trial litigation and therefore merits approval of this settlement.

### 2. *Defendants' financial condition is stable.*

There is no indication that Defendants financial condition is anything but secure. Moreover, Defendants' financial condition appears to permit them to fulfill its settlement obligations within a matter of a few months. As such, this factor weighs in favor of approval. *See Khoday v. Symantec Corp.*, No. 0:11-cv-00180 (JRT/TNL) [ECF. 432], 2016 WL 1637039, *6 (D. Minn. 2016); *Huyer v. Njema*, 847 F.3d 934, 939 (8th Cir. 2017).

### 3. *The complexity and expense of further litigation in this case also supports settlement.*

"Class actions, in general, place an enormous burden of costs and expense upon parties." *Marshall*, 787 F. 3d at 512 (internal citation and quotation omitted). Courts recognize that "the purpose of a settlement is to avoid the expense and delay of a trial." *Petrovic*, 200 F.3d at 1149; *see also Zilhaver*, 646 F. Supp. 2d at 1080 ("Settlement represents a speedy and effective way for the parties to resolve their dispute"); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) (the expense and possible duration of the litigation should be considered in evaluating the reasonableness of class action settlement). The immediacy and certainty of a recovery as well as the expense and likely

duration of the litigation are factors for the Court to balance in determining whether the proposed settlement is fair, reasonable and adequate. *See Zilhaver*, 646 F. Supp. 2d at 1080; *In re Zurn Pex*, 2013 WL 716088, *7.

If not for this settlement, this case would have continued to be contested by all parties. There is no question that this case would be litigated for months depending factual and legal challenges through trial or appeals. A trial alone would have occupied the Court, the parties, and a number of attorneys on both sides for weeks. In other words, pressing this matter forward would have required a considerable investment of judicial resources. This settlement obviates the risk to class members of the potential delay of protracted litigation. The parties were able to reach this settlement, successfully avoiding lengthy dispositive motion practice, trial, and appeal, preventing further unnecessary time, labor, resources, fees and costs. Accordingly, this factor supports approval of the settlement. *See e.g., In re IBP, Inc. Sec. Litig.*, 328 F.Supp.2d 1056, 1064 (D.S.D. 2004) (settlement was warranted where parties would have engaged in "extensive discovery and additional motions, likely including class certification and summary judgment," followed by, if Plaintiff's case survived that long, a lengthy trial).

Moreover, the very essence of a settlement agreement is compromise, which requires an abandonment of the usual win versus loss philosophy in favor of a solution somewhere between the two extremes. *Holden*, 665 F. Supp. at 1413; *see also Officers for Justice*, 688 F.2d at 624 (citing *United States v. Armour & Co.*, 402 U.S. 673, 681-82 (1971)) (quoting Justice Thurgood Marshall, "[n]aturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give

up something they might have won had they proceeded with litigation."). Plaintiff submits that the settlement proposed here is fair to all parties and class members, and the proposed settlement is reasonable when considered in light of the nature of this litigation.

In negotiating the settlement, counsel assessed the probability of success on the merits against the risks of establishing liability and damages and maintaining the class action through trial and appeal. Absent settlement, this case could have continued to generate vigorously disputed issues of law and fact. Defendants would likely have had to continue to contest liability, causation, and damages at trial. Additionally, class members will receive settlement benefits faster than they would receive awards obtained after trial and a likely appeal. By itself, the settlement is beneficial to the class, but weighed against the inherent risks of proceeding to trial, this Court can find the $7,300 settlement provides a substantial and immediate benefit to the class. *See Khoday*, 2016 WL 1637039, *9. The proposed settlement is designed to provide a fair method of relief to class members, by providing that each of the 73 class members will equally receive $100.00 *(none of have objected or opted out of the settlement)*. For these reasons, the Court should approve this class settlement because it is fair, reasonable, and adequate.

### 4.  *No Objections to the Settlement.*

In this case, no class members have objected or opted out of settlement. The fact no class member requested to be excluded from the class or objected to the proposed settlement further supports its approval. Even assuming for the sake of argument that class members had objected or opted out, approval of the settlement would still be appropriate. In cases where only a small number of class members have objected, the Eighth Circuit courts have

readily approved class settlements. *See e.g.*, *Petrovic*, 200 F.3d at 1152 (fewer than four percent of the class members objected to the settlement which was still significantly less than the number of objectors to other approved settlements) (citing *Van Horn*, 840 F.2d at 606; *In re Zurn Pex*, 2013 WL 716088, *7 (final approval of the settlement was strongly supported when no objections had been filed). Therefore, the Court should approve the parties' arm's-length settlement agreement.

### B. The *Cy Pres* Use of Unclaimed Funds is Proper.

The *cy pres* doctrine[3] as used in a class action context means that any unclaimed settlement funds "should be distributed for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated." *See In re Airline Ticket Comm'n Antitrust Litig.*, 307 F.3d 679, 682–83 (8th Cir. 2002). The agreed class administration process is designed to minimize any burden on class members so as to facilitate expeditious payment to class member claims. Any funds remaining from undeliverable or uncashed checks will be distributed to the Iowa Legal Aid as *cy pres*, rather than revert back to Defendants. Iowa Legal Aid is a charitable organization that provides general legal services to indigent citizens in the state of Iowa. This *cy pres* use of unclaimed funds, for the benefit of the settlement class, is a proper use

---

[3] "The *cy pres* doctrine takes its name from the Norman French expression, *cy pres comme possible*, which means 'as near as possible.' The doctrine originated to save testamentary charitable gifts that would otherwise fail. Under *cy pres*, if the testator had a general charitable intent, the court will look for an alternate recipient that will best serve the gift's original purpose. In the class action context, it may be appropriate for a court to use cy pres principles to distribute unclaimed funds." *See In re Airline Ticket Comm'n Antitrust Litig.*, 307 F.3d at 682 (internal citations and quotations omitted).

of the unclaimed portion of the settlement fund. As such, the Court should approve this *cy pres* distribution under the settlement agreement.

**ii.     THIS COURT SHOULD APPROVE THE AGREED UPON PAYMENT OF ATTORNEYS' FEES AND COSTS.**

The parties agreed Class Counsel could petition this Court for an award of attorneys' fees and costs not to exceed $25,000.00. (ECF No. 33). In addition, the FDCPA and IDCPA mandate an award of reasonable attorney fees and costs. *See* 15 U.S.C. § 1692k(a) and Iowa Code § 537.5201(8); *see also Armstrong v. Rose Law Firm, P.A.*, No. 00-cv-02287, 2002 WL 31050583 at *1 (D. Minn. 2002) (citing *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991)); *Aronson v. Alternative Collections LLC*, 2014 WL 4449695, at *4 (D. Minn. 2014) ("Attorneys' fees to the prevailing consumer plaintiff are mandatory under the FDCPA.").

**A. Benefit to the Class**

The Settlement confers a clear benefit onto the class – counsel obtained $7,300 in maximum statutory damages, which shall be distributed equally to all Class members. (ECF. No. 33).

In negotiating the settlement, counsel assessed the probability of success on the merits against the risks of establishing liability and damages and maintaining the class action through trial and appeal. (*Id.*). Absent settlement, this case could have continued to generate vigorously disputed issues of law and fact. Defendant would likely have had to continue to contest liability, causation, and damages at trial. Additionally, class members will receive settlement benefits faster than they would receive awards obtained

after trial and a likely appeal. By itself, the cash settlement is beneficial to the class, but weighed against the inherent risks of proceeding to trial, this Court can find the settlement provides a substantial and immediate benefit to the class. *Khoday v. Symantec Corp.*, No. 11-cv-00180 (JRT/TNL) [ECF 432], 2016 WL 1637039, *9 (D. Minn. 2016); *see also Yarrington v. Solvay Pharm., Inc.*, 697 F.Supp.2d 1057, 1062-63 (D. Minn. 2010).

## B. Counsel's Exposure to Risk

Plaintiff's counsel took this case on a contingent fee basis, exposing themselves to significant risk, fronting the cost of litigation without any guarantee of eventually prevailing. *See In re Xcel*, 364 F.Supp.2d 980, 994 (D. Minn. 2005) ("Courts have recognized that the risk of receiving little or no recovery is a major factor in awarding attorney fees."). Counsel faced obstacles with advancing the case to this point. Plaintiff conducted and participated in discovery, and preliminary approval of the settlement. All of this was undertaken with no assurance of a favorable outcome. *See In Re Xcel*, 364 F.Supp.2d at 994-95 (risk is an important factor because trial and judicial review are unpredictable and positive results are not guaranteed); *Yarrington*, 697 F.Supp.2d at 1062-63 (D. Minn. 2010) (significant risk because "no assurance of a favorable outcome"); *Khoday*, 2016 WL 1637039, *9 (same). Plaintiff would respectfully request this Court similarly find that significant risks were undertaken by Plaintiff's counsel and that such risks support the reasonableness of his attorney fee and costs award.

## C. Complexity of the Factual and Legal Issues.

The legal and factual issues were novel and complex as they involved the application of both federal and state law. Thus, this factor also weighs in favor of the fees requested

by counsel.

## D. Quality of Representation.

The skill and extensive experience of counsel in complex litigation is relevant in determining fair compensation. *Khoday*, 2016 WL 1637039 at *10 (citing *In re Xcel*, 364 F.Supp.2d at 995). Courts have repeatedly recognized that the quality of the opposition faced by plaintiffs' counsel should also be taken into consideration. *See Yarrington*, 697 F.Supp.2d at 1063 (The District of Minnesota found that class counsel's request for fees was supported because the defendant's attorneys consisted of "multiple well-respected and capable defense firms" which "consistently challenged plaintiffs throughout the litigation."). Here, as was also the case in *Khoday*, firms for all the parties have extensive experience and expertise in complex class actions, consumer class actions, and complex consumer litigation. Plaintiff's counsel advanced and fully protected the interests of all members of the class with their pursuit of this case, standing their ground, and refusing to surrender to defense counsel's skillful and zealous representation of its clients. (*ECF No. 9*). Despite this, Plaintiff's counsel was able to bring this case to a fair and reasonable resolution. The quality of the representation provided by counsel for all parties is another factor that supports the reasonableness of the requested fees.

## E. Time and Labor Involved.

Plaintiff's counsel has expended significant hours representing the interests of the class since initially being contacted by Plaintiff in April, 2018. Counsel met with Plaintiff, conducted additional investigation to confirm Defendants' collection letter violated the FDCPA and IDCPA, drafted the pleadings, and participated in discovery. Further, the

editing of the settlement agreement was significant as was the Motion for Preliminary Approval. Moreover, Plaintiff's counsel expects to dedicate several additional hours (approximately 5) in overseeing the settlement distribution (and customary fielding of telephone calls from class members related thereto), in connection with any *cy pres* distribution and to ensure all aspects of the settlement are effectuated. *See* Lyons Decl.¶¶ 7 and 13 and Marks Decl. ¶ 9.

As courts have readily recognized, class counsel should not be penalized with a reduction of fee when undertaking a case on a contingency fee basis after they were subsequently able to prosecute the complex case to a successful result in an efficient manner. *See In re Xcel*, 364 F.Supp.2d at 992. In *Xcel*, District Court Judge Doty noted, class counsel should be commended for complying with the Federal Rules of Civil Procedure when they actively worked to ensure the just, speedy and inexpensive determination of the complex class action. *Id*. Judge Doty further noted, "[u]nder Rule 1, as officers of the court, attorneys share the responsibility with the court of ensuring that cases are 'resolved not only fairly, but without undue cost or delay.'" *Id* (quoting Fed. R. Civ. P. 1 advisory committee's notes on 1993 amendments); *see also Perkins v. Gen. Motors Corp.*, 965 F.2d 597, 600 (8th Cir. 1992) (litigants must avoid engaging in tactics that thwart the purpose of moving cases along in a just, speedy and inexpensive manner). The Court praised counsel for all parties, stating:

> All counsel – both those representing plaintiffs and defendants – *conducted this litigation in an exemplary manner and fulfilled their obligations under Rule 1*. This is the type of *complex litigation that easily could have dragged on for several more years*. Instead, it had a *relatively short stay* of two and a half years on this court's docket because *counsel litigated the case efficiently and inexpensively*. The lodestar

of plaintiffs' counsel could easily have been much higher had not counsel cooperated with one another through the litigation and settlement process. *Instead, all plaintiffs' counsel presented a modest lodestar because they moved the case along efficiently to a just result in a remarkably short period of time.*

*In re Xcel*, 364 F.Supp.2d at 992 (emphasis added).

In this case, counsel for all parties fulfilled their obligations under Rule 1, litigated efficiently and inexpensively, and cooperated with each other to reach a speedy, fair, adequate, and reasonable resolution. Therefore, Plaintiff's counsel respectfully requests this Court adopt the same rationale to the case as the time and effort expended by Plaintiff's counsel supports the request for fees and costs.

## F. Quality of Representation.

Attorney's fees and costs in this case are mandated by the FDCPA, which contains a fee shifting provision. The fee shifting provision states, in relevant part:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of . . . (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

*See* 15 U.S.C. § 1692k(a).

Thus, attorney's fees and costs are mandatory under the FDCPA, as opposed to being special or discretionary, as they attract competent counsel[4] and play an integral part in "fulfilling Congress' intent that the Act should be enforced by debtors acting as private

---

[4] *See Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164, 1167 (7th Cir. 1997) ("[i]n order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases.") (citation omitted).

attorneys general." *Armstrong v. Rose Law Firm, P.A.*, No. 00-cv-02287, 2002 WL 31050583 at *1 (D. Minn. 2002) (citing *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) ("the [FDCPA] mandates an award of attorney's fees"); *see also Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 92 (2d Cir. 2008) (attorneys' fees and costs under the FDCPA are mandatory); *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) (same). Therefore, Plaintiff respectfully requests that his motion for fees and costs be granted in its entirety.

### 1. Plaintiff, as the prevailing party, is entitled to her full attorneys' fees request since their time was reasonably expended and their hourly rate is reasonable.

The lodestar method, wherein the "number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate," is used to determine what amount a prevailing party should be awarded for attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Armstrong*, 2002 WL 31050583 at *2 (applying the Lodestar method in an FDCPA action). This requires the Court to consider: (1) the plaintiff's overall success; (2) the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and (3) the efficiency with which the plaintiff's attorneys conducted that activity. *Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997).

Factors that may be considered in calculating the lodestar include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10)

the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430, fn.3.

"The most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436; *Zagorski*, 128 F.3d at 116; *Tolentino*, 46 F.3d at 652. A plaintiff may be considered a "prevailing party" for attorney fees purposes if the plaintiff "succeed[s] on any significant issue in litigation which achieves some of the benefit sought in bringing suit." *Hensley*, 461 U.S. at 424. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id*. at 435. It is important to consider that "unlike most private tort litigants, [a plaintiff who brings an FDCPA action] seeks to vindicate important . . . rights that cannot be valued solely in monetary terms." *Tolentino*, 46 F.3d at 652 (quoting *City of Riverside v. Rivera*, 477 U.S. 561 (1986) (edits and redactions in original); *see also e.g., Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770, 773 (8th Cir. 2000) (finding that "damages awards do not reflect fully the public benefit advanced . . .").

Plaintiff accepted the terms of the settlement in full resolution of her FDCPA claims and is clearly the prevailing party in this action. (*See* ECF No. 33). This case effectively put an end to Defendants' practice of failing to comply with state and federal law in utilizing its violative collection letter. Plaintiff was able to negotiate a settlement and obtained a financial benefit for each of the individual class members and himself.

### 2.  *The attorneys' hours were reasonably expended.*

First, the Court must determine whether the number of hours spent by Plaintiff's counsel was reasonable given the results obtained and the difficulty of obtaining those results. Ultimately, the determination of allowable hours rests with the sound discretion of the Court,

and it must "provide a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437.

Plaintiff secured a favorable settlement on behalf of herself and the individual class members after significant effort put forth by Plaintiff's attorneys. As the court docket and the extensive time records show, Plaintiff's attorneys actively litigated this case by engaging in discovery; researching and investigating, the facts of the case, legal claims and defenses; researching and investigating Defendants and its assets; negotiating the class settlement; and gaining approval of the class action settlement.

Defendants in this case realized it was more cost effective to explore settlement prior to any dispositive motion practice. The parties came to the conclusion that it was in the parties' best interests to settle before expending a great deal of effort on this case and accumulate unnecessary fees and costs. Moreover, Plaintiff's counsel expects to spend additional hours after the settlement funds are transmitted in connection with any *cy pres* distribution and to ensure all aspects of the settlement are effectuated. Lyons Decl. at ¶¶ 7 and 13. Defendants have also agreed not to oppose an award to Plaintiff's counsel for its reasonable fees and costs pursuant to the FDCPA / IDCPA and the Agreement, so long as the amount requested does not exceed $25,000.00. Therefore, all factors considered, the Court should approve Plaintiff's request for attorneys' fees and costs in this case as they were necessarily incurred in reaching the resolution in this class action and were not unreasonably spent, excessive or duplicative[5].

---

[5] It is important to note that the reasonableness of Plaintiff's attorneys' fees and costs are bolstered when considering the fact that the actual amount of attorneys' fees and costs

### 3. *The attorneys' hourly rates are reasonable.*

The Court's next inquiry is whether the attorneys' hourly rates are reasonable. To make such a determination, the Court should consider the prevailing market rate for similar services in the community where the litigation takes place when performed by "lawyers of reasonably comparable skill, experience, and reputation." *McDonald v. Armontrout*, 860 F.2d 1456, 1458-59 (8th Cir. 1998). Here, Plaintiff and the class members were represented by experienced and competent attorneys during this litigation, with specific knowledge and expertise in the areas of FDCPA, consumer law, and class actions. *See* Lyons Decl. at ¶¶ 4-5 and Marks Decl. ¶¶ 5-6. Accordingly, Plaintiff requests the Court to approve the hourly rates detailed in the declarations for Mr. Lyons and Mr. Marks, which was previously approved in the case of *Conradie v. Caliber Home Loans*, 4:14-cv-00430-SBT, Southern District of Iowa (December 21, 2015).

### G. Reaction to the Class.

As of the date of the filing of this Motion, there have been no opt outs by the class members. *See* Lyons Decl. ¶ 6.

Throughout this matter Plaintiff worked jointly with her attorneys and negotiated and obtained a class wide settlement of substantial value, procuring a significant benefit to the public by successfully bringing Defendants' violations of the FDCPA to an abrupt halt. This protected the rights of future consumers. In addition, Defendants may be required to make an additional *cy pres* donation further benefiting the public.

---

exceeded the requested amount of $25,000.00.

This favorable settlement was secured after significant joint effort put forth by both Plaintiff and her attorneys. They worked diligently and efficiently and effectively litigated this case to a global class action settlement after extensive research and investigative work related to Defendants' practices. The parties were able to reach this settlement, successfully avoiding lengthy dispositive motion practice, trial, and appeal, preventing further unnecessary fees and costs. Counsel should be commended for this and adequately compensated for having forced Defendants to adhere to federal laws aimed at protecting consumers' rights. Perhaps more important, ss of the date of the filing of this Motion, there have been **no** opt outs by the class members. *See* Lyons Decl. ¶ 6. Therefore, Plaintiff would respectfully request the Court take all of the above into consideration and award his attorneys the negotiated fee and cost award of $25,000.00.

## II.    PLAINTIFF IS ENTITLED TO AN INCENTIVE AWARD IN THE AMOUNT FOR $3,000.

This fair and arm's length Agreement also provided that Plaintiff should receive a $3,000.00 Incentive Award for operating as Class Representative and obtaining the result he did. (ECF No. 33). No one will dispute that this favorable settlement was secured only after significant joint effort put forth by both Plaintiff and his attorneys. They worked diligently and efficiently to reach this result on behalf of the class. *Id.*

Courts in this Circuit routinely grant service awards for named plaintiffs in class actions as incentive awards in order to promote the sound public policy of encouraging individuals to undertake the responsibilities of representative class actions. *See Khoday*, 2016 WL 1637039 at *12 (citing *Yarrington*, 697 F.Supp.2d at 1068) (upholding service

awards and recognizing that "unlike unnamed Class Members who will enjoy the benefits of the Settlement without taking on any significant role, the Named Plaintiffs [make] significant efforts on behalf of the Settlement Class and [participate] actively in the litigation"); *Zillhaver v. UnitedHealth Group, Inc.*, 646 F.Supp.2d 1075, 1085 (D. Minn. 2009). In determining whether a service award is appropriate, courts in the District of Minnesota have considered: "the actions plaintiff[s] took to protect the class's interests, [the] degree to which the class has benefited from those actions, and [the] amount of time and effort [the named] plaintiff[s] expended in pursuing litigation." *Zillhaver*, 646 F.Supp.2d at 1085 (quoting *Koenig v. U.S. Bank*, 291 F.3d 1035, 1038 (8th Cir. 2001)); and *Conradie v. Caliber Home Loans*, 4:14-cv-00430-SBT, Southern District of Iowa (December 21, 2015)

Courts from other jurisdictions also readily consider the risk to the class representative in commencing suit, both financial and otherwise. *See Van Vranken v. Atl. Richfield Co.*, 901 F.Supp. 294, 299 (N.D. Cal. 1995). This includes the embarrassment of reducing their circumstances to a publicly filed court record which will be easily accessible for others to view and possible liability for costs or attorney's fees. Here, Plaintiff exposed herself to greater embarrassment and shame by commencing this action, reducing these facts to a public record, all for the sake of benefiting the class and stopping Defendants' illegal business practices.

Plaintiff would respectfully request the Court take all of the above into consideration and award her the negotiated incentive fee of $3,000. Other Court rulings are consistent with this award. *See e.g., Zilhaver*, 646 F.Supp.2d at 1085 (awarding two lead plaintiffs

$15,000 incentive awards from a common fund settlement); *In re Xcel*, 364 F.Supp.2d at 1000 (awarding $100,000.00 collectively to a group of eight lead plaintiffs); *In re Employee Benefit Plans Sec. Lit.*, No. 3–92–708, 1993 WL 330595, at *7, (D. Minn. June 2, 1993) (approving incentive awards of $5,000.00 to each of the three representative plaintiffs from a common fund settlement); *Nelson v. BMW Financial et al*, No. 15-cv-02661 (SER) [ECF. 70] (D. Minn. May 2, 2017) (class representative awarded $10,000 as an incentive award).

As outlined in more detail in the declaration for Mr. Marks and Mr. Lyons, Plaintiff was fully committed to this litigation and her role as class representative from the outset. Plaintiff dedicated significant time, energy and effort thus far, and has pledged to continue this commitment until all aspects of the settlement are complete.

## IV.    **CONCLUSION**

Plaintiff respectfully request the Court grant this unopposed motion for final approval and enter the proposed order granting final approval the Settlement Agreement with the requested additional language providing any funds remaining upon expiration of the 90-day deadline for cashing the Distribution checks be paid *cy pres*.    Plaintiff further respectfully requests an Order approving payment of Class Counsel's attorney's fees in the amount of $25,000, which includes any incurred costs, and a class representative service award in the amount of $3,000.00.

Dated this 15th day of Jul, 2019.

/s/ Samuel Z. Marks
Samuel Z. Marks, Esq.
Attorney I.D. # IS9998821
**Marks Law Firm P.C.**
4225 University Avenue
Des Moines, Iowa 50311
(515) 276-7211
FAX (515)276-6280
sam@markslawdm.com
office@markslawdm.com

Thomas J. Lyons, Jr., Esq.
*Admitted Pro Hac Vice*
MN Attorney I.D. #: 0249646
**Consumer Justice Center, P.A.**
367 Commerce Ct.
Vadnais Heights, MN 55127
Telephone: (651)770-9707
Facsimile: (651)704-0907
tommy@consumerjusticecenter.com

**ATTORNEYS FOR PLAINTIFF
AND THE CLASS**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 15, 2019, I electronically filed the foregoing document along with its attachments with the Clerk of the Court using CM/ECF. I also certify that the foregoing document along with its attachments is being served this July 15, 2019 in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/Samuel Z. Marks

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## CIVIL ACTION NO.: 4:18-cv-00206-JAJ-CFB

| | |
|---|---|
| Kelli Simmons, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Jeremy B.A. Feitelson and Nelsen & Feitelson Law Group PLC,<br><br>Defendants. | **DECLARATION OF THOMAS J. LYONS JR. IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT INCLUDING MOTION FOR ATTORNEY'S FEES AND COSTS AND SERVICE AWARD FOR CLASS REPRESENTATIVE** |

I, Thomas J. Lyons Jr., declare:

1.    That I represent Plaintiff Kelli Simmons in the above-referenced case.

2.    I received my Juris Doctorate from the University of Minnesota Law School in 1994. I was admitted to practice in Minnesota in 1994. I am currently a member of the bar in good standing.

3.    I am the president of the Consumer Justice Center, P.A. I am submitting this Declaration in support in support of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement Including Motion for Attorney's Fees and Costs and Payment of Service Award for the Class Representative.

4.    Attached as **Exhibit A** is information concerning the background and experience (e.g., curriculum vitae) of myself and my law firm. I have been involved in over 1500 consumer cases in various State and United States District Courts and either myself or my firm have been certified as class counsel in numerous cases. *See* attached

**Exhibit A.**

5.      Based on my vast experience in consumer protection cases, it is my opinion the settlement reached in this matter was an excellent result for the Class. During the litigation, I spent considerable time researching and investigating Plaintiff's claims and Defendants' asserted defenses.   I conducted discovery, and researched Defendants' practices, policies and procedures. This research and investigation provided me with a thorough understanding of the strengths and weaknesses of this case, and the ability to readily evaluate the risks associated with it, as well as the fairness of the proposed Settlement, which was reached after arm's-length negotiations.   The benefits and value of the relief to Class Members is significant when analyzed in light of the risks of continued litigation and the possibility of receiving nothing.

6.      As of the date of this Declaration I have not received any objections, nor am I aware of any objections to the class action settlement reached in this matter.

7.      That the lodestar method is the billing mechanism devoted to the case by the CJC for work performed for the various stages of the litigation and time incurred at each phase.[1]

| ATTORNEY/LEGAL STAFF | RATE | HOURS | COST |
|---|---|---|---|
| Thomas J. Lyons, Jr. | 450.00 | 59.64[2] | $26,839.33 |

---

[1] Specific details regarding the dates, times, and work completed by whom are described in the time keeping records are attached hereto as **Exhibit B**.

| | | | |
|---|---|---|---|
| **TOTAL TIME INCURRED TO DATE** | | | **$26,839.33** |
| | | | |
| **ANTICIPATED TIME INCURRED TO COMPLETE SETTLEMENT / ANSWER CLASS MEMBERS QUESTIONS / OVERSEE DISTRIBUTION TO CLASS MEMBERS:** Thomas J. Lyons, Jr. | 450.00 | 5 | $2,250.00 |
| **TOTAL TIME INCURRED WITH ANTICIPATED TIME** | | | **$29,089.33** |

8.    That the lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in the billing rates.

9.    As Plaintiff's counsel I have served as lead counsel in several class actions where the named plaintiffs received class representative awards.

10.    Plaintiff in the present action participated in all aspects of the litigation including compiling evidence, reviewing and verifying the Complaint, including compiling documents for the litigation, understanding and preparing for her role as Class Representative. And meeting with co-counsel, Samuel Marks to discuss strategy and settlement options.

11.    Plaintiff respectfully request payment be allowed for the negotiated Class Representative Service Award of Three Thousand Dollars ($3,000.00 to Plaintiff) as

---

[2] This amount does not include the future hours that will be incurred for hearing preparation and attendance at the hearing on the Unopposed Motions for Final Approval and Attorneys' Fees and Costs to be heard on August 12, 2019.

agreed to by Defendants in the Settlement Agreement.

12.    Plaintiff's request for the Class Representative Service Award is reasonable and proportional to other class representative awards in this Circuit and District when analyzing the total value of the settlement to the class.

13.    Finally, as indicated above, I anticipate there will be future work that myself, and my office staff will undertake to see this class action settlement to completion. Specifically, there will be preparation and appearance at the Final Approval Hearing, responding to class members' questions, coordination and oversight of the class administration process for distribution of settlement funds.

Dated this 15th day of July 2019.

s/ Thomas J. Lyons, Jr.
Thomas J. Lyons, Jr., Esq.
MN Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile:  (651) 704-0907
Email: Tommy@consumerjusticecenter.com
(*Admitted Pro Hac Vice*)

# EXHIBIT A

# CURRICULUM VITAE

*Thomas J. Lyons Jr.*
*Consumer Justice Center, P.A.*
*367 Commerce Court, Vadnais Heights, Minnesota 55127*
*Telephone: (651) 770-9707  Facsimile: (651) 704-0907  Toll Free:  (800) 477-6910*
*Website: www.consumerjusticecenter.com*

## AREAS OF PRACTICE

- **Equal Credit Opportunity Act**
- **Fair Debt Collection Practices Act**
- **Fair Credit Reporting Act**
- **Telephone Consumer Protection Act**
- **Invasion of Privacy**
- **Electronic Funds Transfer Act**
- **Fair and Accurate Credit Transaction Act**
- **Numerous State law litigation including class actions involving:**
  Usury, salvaged vehicles, retail installment contract fraud, odometer fraud and consumer fraud.
- **Truth In Lending Act**
- **Wrongful Repossession litigation**

## CLASS ACTION INVOLVEMENT

The Consumer Justice Center attorneys have been approved as Class Counsel in the following cases:

- Jade Johnson and Claude MaGee v. Universal Car Credit Co., Inc. and Jim Lupient Oldsmobile Company, USDC, Court File No. 3-94-1174;
- Davies v. West Publishing Company, Dakota County District Court, Court File No. 19-C6-99-8478;
- David Ofert v. Jacques D. Schira, P.C., Law Office, and Jacques D. Schira, Esq., Individually, USDC, CV 98-125;
- Amy Monson v. Check Guarantee Services, Inc., USDC, Court File No. CV 99-1224 MJD/JGL;
- In re American Family Publishers Business Practices Litigation, MDL Docket No. 1235, District of New Jersey No. 98 CV 3850 (NHP) and In re American Family Enterprises, et al, Case No. 99-41774(RG) (State of Minnesota class counsel);
- Byrd v. Metropolitan Corporation, Hennepin County District Court, Court File No.: CT 00-016055;

- Reinke v. Harold Chevrolet, Hennepin County District Court, CT 01-001519;
- Avent and Clay v. Alandale Corporation, Hennepin County District Court, Court File No.: CT00-7438;
- Sheryl Lynn Logan et. al. v. Norwest Bank of Minnesota, N.A., Hennepin Co. Dist. Court File #94-018688;
- Domzalski v. Coldata, USDC, Court File No.: 01-1883 DSD/SRN;
- Remely v. Etan General, USDC Northern District of Texas, Court File No.: 3:01-cv-02658 (March 26, 2004);
- Jancik v. Account Services, USDC Western District of Texas – San Antonio Division, C.A. SA-04-CA-0097 RF;
- Baier, et al v. FleetBoston Financial, USDC EDPA, 04-0507;
- Keener, et al v. Sears Roebuck, EDCV-03-01265-RT (SGLx);
- Thinesen v. JBC Legal Group, et al, USDC Minnesota, CV 05-518 DWF/JSM;
- Nienaber v. Citibank, USDC Southern District of South Dakota, 2007 WL 5404595;
- Jancik v. Cavalry Portfolio Services, LLC, No. 06-3104 (D.Minn. July 3, 2007);
- Drinkman v. Encore, USDC Western District of Wisconsin, 07-CV-363-S, December 3, 2007;
- Brower v. Financial Crime Services, LLC, No. 06-cv-4237 (D.Minn. July 25, 2007);
- Sleezer v. Chase Bank USA, N.A., Civ. No. SA-07-CA-0961 (W.D. Tex. 2009);
- DeLa Cruz-Martinez & Porter v. Hellmuth & Johnson, 08-CV-4289 PJS/FLN USDC Minnesota (July 23, 2009);
- Sutton v. FCA Restaurant Co., LLC, 08-cv-05122, USDC District of Minnesota (September 16, 2009);
- Johnson v. Kleinsmith & Associates, P.C., No. 3:09-cv-03, USDC Eastern District of North Dakota (October 14, 2009);
- Pobuda v. Financial Crimes, 09-cv-1227 DSD/AJB, USDC District of Minnesota (March 11, 2010);
- Ebert v. Warner Stellian, 11-cv-2325 JRT/SER, USDC District of Minnesota (September 19, 2012);
- Thompson v. NCA, et al, 10-cv-2307 SRN/FLN, USDC District of Minnesota (October 24, 2012);
- Fischbach v. Pinnacle, 11-1925 JJK, USDC District of Minnesota (November 16, 2012);
- Johnson v. BlackRidgeBANK, 11-cv-2367 LIB, USDC District of Minnesota (December 28, 2012);

- <u>Tandeski v. Coulter</u>, 3:12-00069-KKK, USDC District of North Dakota (March 4, 2013);
- <u>Hupperts v. APOGEE, et al</u>, 12-cv-915 JNE/TNL, District of Minnesota (April 18, 2013);
- <u>Fouks v. Red Wing Hotel</u>, 12-cv-2160 JNE/FLN, District of Minnesota (June 14, 2013);
- <u>Hartley v. Suburban, et al</u>, 11-cv-2664 JRT/JJG, District of Minnesota (September 30, 2013);
- <u>Rouse v. Hennepin County,</u> 12-cv-326 DWF/SER, District of Minnesota (May 5, 2014);
- <u>Gawarecki v. ATM Network</u>, 11-cv-1923 SRN/JJG, District of Minnesota (June 10, 2014;
- <u>Schmitt v. Cornerstone Parking</u>, 13-cv-2289 DWF/SER, District of Minnesota (June 19, 2014); and
- <u>St. Clair v. MRB</u>, 12-cv-1572 MJD/JSM, District of Minnesota (July 9, 2014);
- <u>Smith v. Thrift Stores et al</u>, 1:13-cv-02455-BPG, District of Maryland (October 1, 2014);
- <u>Walsh v. Prosser et al</u>, 12-cv-02823 PJS/HB, District of Minnesota (October 27, 2014);
- <u>Arend v. Innovative</u>, 14-cv-01243-HB, District of Minnesota (October 31, 2014);
- <u>Broberg v. DebtArbitrators</u>, 13-cv-2131 TNL, District of Minnesota (November 5, 2014);
- <u>Lund v. Johns Pizza</u>, 14-cv-63 SER, District of Minnesota (November 13, 2014);
- <u>Barton v. SLS</u>, 13-cv-2366 SRN/FLN, District of Minnesota (June 1, 2015);
- <u>Rosen v. Spirit Airlines</u>, 15-61375-CIV-COHN/SELTZER, Southern District of Florida (October 27, 2015);
- <u>Crofoot v. Center for Diagnostic Imaging, et al</u>, 13-cv-3455 TNL, District of Minnesota (November 20, 2015);
- <u>Conradie v. Caliber Home Loans,</u> 4:14-cv-00430-SBT, Southern District of Iowa (December 21, 2015);
- <u>Eggen v. WESTconsin</u>, 14-cv-873-bbc, Western District of Wisconsin (February 26, 2016);
- <u>Cassidy v. Active Sports</u>, 14-cv-3022 SER, District of Minnesota (April 6, 2016);
- <u>Nelson v. BMW Financial et al</u>, 15-cv-2661 SER, District of Minnesota (March 8, 2017);
- <u>Spuhler v. State Collection Services</u>, 2:16-cv-1149-NJ, E.D. Wisconsin (October 26, 2017);
- <u>Vonasek v. BOTW, et al</u>, 16-cv-342-DTS, District of Minnesota (January 30, 2018);

- Swenson v. WESTconsin, 16-cv-2344 MJD/HB, District of Minnesota (February 28, 2018);
- Love Stone v. Aargon Agency, 17-cv-2314-KMM, District of Minnesota (May 15, 2018);
- Rizzo v. Kohn Law Firm, 17-cv-408-jdp, Western District of Wisconsin (July 18, 2018);
- Clark v. JP Morgan Chase Bank, et al, 17-cv-01069 SRN/KMM, District of Minnesota (December 12, 2018);
- Blanks v. Machol Johannes, 1:18-cv-02291-CMA-KMT, District of Colorado (February 13, 2019);
- Simmons v. Jeremy B.A. Feitelson, et al, 4:18-cv-206-JAJ-CFB, Southern District of Iowa (May 9, 2019); and
- Kealy v. Wings Financial, et al, 18-cv-1226 JRT/LIB, District of Minnesota (July 1, 2019).

## CY PRES AWARDS

The Consumer Justice Center, while serving as Class Counsel, has negotiated the following Cy Pres Awards:

**2003:**
- **$7,121** as Cy Pres Award to the Minnesota Legal Services Coalition, St. Paul, Minnesota arising out of Remely v. Etan General, Inc. litigation;
- **$11,824** as Cy Pres Award to the National Consumer Law Center arising out of Domzalski v. Coldata, Inc. litigation;

**2005:**
- **$50,000** as Cy Pres Award to Consumer Bankruptcy Assistance Project and the Consumer Credit Counseling Service of Delaware Valley arising out of Baier, et al v. FleetBoston Financial litigation;

**2007:**
- **$3,880** as Cy Pres Award to the Fund for Legal Aid arising out of Brower v. Financial Crimes Services litigation;
- **$50,000** as Cy Pres Award to the Minnesota Chapter of the Federal Bar Association, **$75,000** as Cy Pres Award to the South Dakota Bar Foundation, **$12,500** as Cy Pres Award to the Philadelphia Bar Foundation, **$12,500** as Cy Pres Award to National Consumer Law Center, and **$150,000** as Cy Pres Award to the South Dakota Community Foundation, arising out of Nienaber v. Citibank litigation;

4

- **$4,216.70** as Cy Pres Award to the University of Wisconsin, Madison Law School Consumer Law Clinic, arising out of <u>Drinkman v. Encore</u> litigation;

**2009:**
- **$6,920.04** as Cy Pres Award to the Legal Aid Society of Minneapolis arising out of <u>DeLa Cruz-Martinez & Porter v. Hellmuth & Johnson</u> litigation;

**2010:**
- **$833.34** as Cy Pres Award to the North Dakota State Bar Association arising out of <u>Johnson v. Kleinsmith & Associates, P.C.</u>;

**2013:**
- **$17,700** as Cy Pres Award to the United Hospital arising out of <u>Thompson v. NCA</u>;
- **$10,000** as Cy Pres Award to the Legal Services of North Dakota arising out of <u>Tandeski v. Coulter</u>;
- **$4,954.25** as Cy Pres Award to the MN Chapter Federal Bar Association arising out of <u>Fischbach v. Pinnacle</u>;
- **$50,000** as Cy Pres Award to Randy Shaver Cancer Research and Community Fund arising out of <u>Ebert, et al. v. Warners' Stellian</u>;
- **$21,525** as Cy Pres Award to the Brainerd YMCA arising out of <u>Johnson v. Blackridge</u>;
- **$20,000** as Cy Pres Award to the Red Wing Environmental Learning Center arising out of <u>Fouks v. Red Wing Hotel</u>; and
- **$1,249.82** as Cy Pres Award to the Minnesota Disability Law Center arising out of <u>Hartley v. Suburban</u>.

**2015:**
- **$7,500** as Cy Pres Award to the University of Minnesota Amplatz Children's Hospital arising out of <u>Schmitt v. Cornerstone</u>;
- **$209,476,** including **$62,842** as Cy Pres Award to American Veterans Foundation Inc. arising out of <u>Smith v. Thrift Stores</u>;
- **$22,876.83** as Cy Pres Award to the Federal Pro Se Project of the United States District Court for the District of Minnesota arising out of <u>St. Clair v. MRB</u>;
- **$675.00** as total Cy Pres Award, which includes $337.50 to The Haitian Project and $447.50 to the Kipp Foundation, arising out <u>Walsh v. Prosser</u>;
- **$700.00** as total Cy Pres Award to the Northfield Women's Center arising out of <u>Arend v. Innovative</u>; and
- **$8,976.00** as total Cy Pres Award to Lutheran Social Services arising out of <u>Broberg v. DebtArbitrators.</u>

**2016**:
- $22,015 as total Cy Pres Award to the Federal Pro Se Project arising out of <u>Crofoot v. Center for Diagnostic Imaging.</u>

**2017**:
- **$247,522.12** as total Cy Pres Award with half going to U.S. PIRG (Public Interest Research Group) and half to the Sedona Conference, Working Group 11, Data Security and Privacy Liability arising out of <u>Rosen and Legg v. Spirit Airlines;</u>
- **$68,781.84** as total Cy Pres Award to the Polk County Bar Association arising out of <u>Conradie v. Caliber Homes;</u>
- **$50,000** as total Cy Pres Award to Goodwill arising out of <u>Cassidy v. Active Sports;</u> and
- **$112,445.73** as total Cy Pres Award to Legal Action of Wisconsin arising out of <u>Eggen v. WESTconsin</u>. https://www.jsonline.com/story/news/local/wisconsin/2017/12/15/how-wisconsin-legal-service-poor-came-into-unexpected-windfall/948730001/

**2018**:
- **33,109.07** as total Cy Pres Award to West Central Wisconsin Community Action Agency Inc. arising out of <u>Swenson v. WESTconsin</u>.

**2019**:
- **24,705.45** as total Cy Pres Award to Federal Pro Se Project of the United States District Court for the District of Minnesota arising out of <u>Nelson v. Repossessors, et al</u>; and
- **$26,856** as total Cy Pres Award to the UofM Law Consumer Clinic arising out of <u>LoveStone v. Aargon</u>.

❖ *Cy Pres awards recovered in excess of $800,000.*

# EXHIBIT B

Consumer Justice Center, P.A. and Lyons Law Firm, P.A.
Pre-bill Worksheet

| Selection Criteria |
| --- |

| | |
| --- | --- |
| Slip.Classification | Open |
| Clie.Selection | Include: Simmons, Kelli |

7/15/2019                    Consumer Justice Center, P.A. and Lyons Law Firm, P.A.
7:34 AM                                      Pre-bill Worksheet                              Page    2

Nickname          Simmons, Kelli | 11361
Full Name         Kelly Simmons
Address
Phone                                    Fax
Home                                     Other
In Ref To
Fees Arrg.        By billing value on each slip
Expense Arrg.     By billing value on each slip
Tax Profile       Exempt
Last bill
Last charge       7/11/2019
Last payment                         Amount      $0.00

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 5/29/2018 1045219 | Tommy Lyons Research Research on FDCPA claims and then call with co-counsel and client about class duties and also claims related to the text messsage | 450.00 | 2.13 | 959.00 | Billable |
| 6/25/2018 1045478 | Tommy Lyons Editing revising final version of class action complaint and then call with Sam to go over class issues and attaching copy of the letter | 450.00 | 1.06 | 476.00 | Billable |
| 7/23/2018 1045772 | Tommy Lyons Review Review Defendant's Answer and then call with sam about getting PHV completed. | 450.00 | 1.47 | 662.50 | Billable |
| 8/14/2018 1046057 | Tommy Lyons Motion Practice review Brook Run MOtion to Dismiss and then call to sam to discuss response | 450.00 | 2.57 | 1,156.38 | Billable |
| 9/11/2018 1046385 | Tommy Lyons Rule 26(f) drafting report and then circulate to counsel and then telephone conference to go over | 450.00 | 1.14 | 512.75 | Billable |
| 9/19/2018 1046504 | Tommy Lyons Review Review Orders from the COurt setting schedule and other information concerning status conferneces and trial | 450.00 | 0.64 | 287.13 | Billable |
| 9/24/2018 1046539 | Tommy Lyons Rule 26(a)(1) review draft of initial disclosures and then send back redlines and comments | 450.00 | 0.85 | 382.63 | Billable |
| 9/24/2018 1046540 | Tommy Lyons Discovery editing and revising class discovery - then send redlines and comments back to Sam's office. | 450.00 | 2.46 | 1,107.38 | Billable |

Consumer Justice Center, P.A. and Lyons Law Firm, P.A.
Pre-bill Worksheet

Simmons, Kelli:Kelly Simmons (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 10/24/2018 1046877 | Tommy Lyons Rule 26(a)(1) review Defendant's initial disclosures and documents #001-23 / then email to opposing counsel / then check on discovery to Defendant | 450.00 | 0.96 | 430.50 | Billable |
| 10/29/2018 1046922 | Tommy Lyons File Review File Review and then return call to Kevin Driscoll | 450.00 | 0.37 | 168.00 | Billable |
| 10/29/2018 1046926 | Tommy Lyons Review Review supplemental disclosures for Defendant and then return call to opposing counsel | 450.00 | 0.54 | 244.63 | Billable |
| 10/31/2018 1046958 | Tommy Lyons File Review File Review and then discovery strategy session with Sam | 450.00 | 0.53 | 238.63 | Billable |
| 10/31/2018 1046960 | Tommy Lyons CONFERENCE PH CALL call with kevin driscoll & Michael Klutho about case and Defendants pitch for class wide settlement - then call with Sam about same | 450.00 | 1.00 | 450.25 | Billable |
| 11/1/2018 1046975 | Tommy Lyons STATUS CONFERENCE-COURT prepare for status conference and then on call with the Court /then follow up call with sam and the client regarding dates | 450.00 | 0.92 | 411.75 | Billable |
| 11/6/2018 1047042 | Tommy Lyons Discovery final edits to the class written discovery to be served today | 450.00 | 0.83 | 374.63 | Billable |
| 12/7/2018 1047390 | Tommy Lyons STATUS LETTER file review and then review information that Defendant wants to submit to the Court for the status letter and upcomming status conference next week. | 450.00 | 0.35 | 159.00 | Billable |
| 12/10/2018 1047399 | Tommy Lyons Review Review emails to and from the Court about the status conference - then call with Sam about the status conference | 450.00 | 0.41 | 185.63 | Billable |
| 12/20/2018 1047490 | Tommy Lyons Discovery review Defendant's responses to Plaintiff's written discovery - then outline and drafting net worth discovery to Defendants and email to opposing counsel | 450.00 | 3.33 | 1,499.75 | Billable |
| 12/21/2018 1047499 | Tommy Lyons Discovery drafting net worth discovery to Defendants - then send to Sam for edits. | 450.00 | 0.92 | 412.75 | Billable |

7/15/2019
7:34 AM

Consumer Justice Center, P.A. and Lyons Law Firm, P.A.
Pre-bill Worksheet

Page    4

Simmons, Kelli:Kelly Simmons (continued)

| Date<br>ID | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 1/29/2019<br>1047884 | Tommy Lyons<br>protective order rev & sign<br>review Defendant's proposed protective order and then also agree to<br>move the settlement conference off 2/21 | 450.00 | 0.70 | 316.88 | Billable |
| 1/30/2019<br>1047904 | Tommy Lyons<br>SETTLEMENT STRATEGY<br>changing of the date for the settlement conference to 3/25...trying to see<br>if that works for all | 450.00 | 0.33 | 149.75 | Billable |
| 1/30/2019<br>1047920 | Tommy Lyons<br>Discovery<br>review Defendant's discovery concerning net worth and then call with<br>sam and then email to co-counsel about missing tax or financial<br>information for the law firm | 450.00 | 0.83 | 375.25 | Billable |
| 1/31/2019<br>1047922 | Tommy Lyons<br>Discovery<br>emails to and from defendants counsel about lawfirm tax return | 450.00 | 0.29 | 128.50 | Billable |
| 2/10/2019<br>1048015 | Tommy Lyons<br>Discovery<br>review Defendant law firm tax returns | 450.00 | 1.63 | 732.00 | Billable |
| 2/25/2019<br>1048182 | Tommy Lyons<br>Negotiations<br>drafting counter-demand email to Defendants and then call to sam to<br>discuss details | 450.00 | 0.70 | 313.00 | Billable |
| 3/3/2019<br>1048246 | Tommy Lyons<br>Demand Prep<br>after discussing with Sam and his recent interviews with other consumers<br>with similar claims and research on net worth | 450.00 | 1.53 | 687.88 | Billable |
| 3/7/2019<br>1048311 | Tommy Lyons<br>Telephone<br>call with Klutho about new class offer - then call to sam and client | 450.00 | 0.54 | 243.25 | Billable |
| 3/12/2019<br>1048331 | Tommy Lyons<br>Negotiations<br>conference call with Sam and then email to Defendant with new<br>settlement demand | 450.00 | 2.14 | 964.38 | Billable |
| 3/15/2019<br>1048352 | Tommy Lyons<br>Negotiations<br>email and telephonic negotiations back and forth with defendants counsel<br>- reaching a class settlement | 450.00 | 2.05 | 922.75 | Billable |
| 3/20/2019<br>1048400 | Tommy Lyons<br>Settlement<br>emails to and from opposing counsel about settlement and class<br>administration | 450.00 | 0.88 | 396.75 | Billable |

7/15/2019                    Consumer Justice Center, P.A. and Lyons Law Firm, P.A.
7:34 AM                                        Pre-bill Worksheet                                      Page    5

Simmons, Kelli:Kelly Simmons (continued)

| Date<br>ID | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 3/26/2019<br>1048446 | Tommy Lyons<br>Motion Practice<br>review Defendants proposed motion to extend time to finalize settlement<br>and then give ok to s/ and file | 450.00 | 0.60 | 269.75 | Billable |
| 4/19/2019<br>1048639 | Tommy Lyons<br>Review<br>Review Defendant's draft cafa agreements and then begin to review the<br>settlement agreement and ask defendant to resend in word | 450.00 | 2.06 | 927.63 | Billable |
| 4/26/2019<br>1048666 | Tommy Lyons<br>settlement agreement<br>review and edit settlement agreement and then interviewing the class<br>administrator | 450.00 | 3.97 | 1,787.25 | Billable |
| 4/29/2019<br>1048668 | Tommy Lyons<br>Motion Practice<br>sending edits back to Defendan  on settlement agreement and then<br>drafting and editing the motion for preliminary approval | 450.00 | 5.89 | 2,650.88 | Billable |
| 4/30/2019<br>1048685 | Tommy Lyons<br>Motion Practice<br>drafting proposed orders, class notice and still working on memo / call<br>with Analytics about class administration | 450.00 | 4.49 | 2,021.63 | Billable |
| 5/5/2019<br>1048719 | Tommy Lyons<br>E-Mail<br>from court about scheduling final approval and filling in blanks for<br>preliminary approval order | 450.00 | 0.51 | 230.75 | Billable |
| 5/9/2019<br>1048769 | Tommy Lyons<br>Review<br>Review order granting motion for preliminary approval | 450.00 | 0.60 | 269.13 | Billable |
| 6/4/2019<br>1048904 | Tommy Lyons<br>Telephone<br>call and email with Rick McMillen - class member | 450.00 | 0.21 | 95.13 | Billable |
| 7/1/2019<br>1049069 | Tommy Lyons<br>Motion Practice<br>drafting motion for final approval | 450.00 | 6.02 | 2,709.25 | Billable |
| 7/11/2019<br>1049116 | Tommy Lyons<br>Motion Practice<br>review attorney fees/costs timeslips and then call to Sam about final<br>approval motion edits | 450.00 | 1.17 | 528.25 | Billable |

| TOTAL | Billable Fees | | 59.64 | | $26,839.33 |

7/15/2019     Consumer Justice Center, P.A. and Lyons Law Firm, P.A.
7:34 AM         Pre-bill Worksheet        Page 6

Simmons, Kelli:Kelly Simmons (continued)

|  | Amount | Total |
|---|---|---|
| Total of billable expense slips | | $0.00 |

## Calculation of Fees and Costs

|  | Amount | Total |
|---|---|---|
| Fees Bill Arrangement: Slips | | |
| By billing value on each slip. | | |
| Total of billable time slips | $26,839.33 | |
| Total of Fees (Time Charges) | | $26,839.33 |
| Total of Costs (Expense Charges) | | $0.00 |
| Total new charges | | $26,839.33 |
| New Balance | | |
| Current | $26,839.33 | |
| Total New Balance | | $26,839.33 |

## Timekeeper Summary

| Timekeeper | Rate | Hours | Charges | Slip Value | Adjustment |
|---|---|---|---|---|---|
| TJR | 450.00 | 59.62 | $26,839.33 | $26,839.33 | 0.00 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| Kelli Simmons, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Jeremey B.A. Fietelson and Nelsen & Fietelson Law Group PLC,<br><br>Defendants. | **4:18-cv-00206-JAJ-CFB**<br><br>**DECLARATION OF SAMUEL MARKS IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT INCLUDING MOTION FOR ATTORNEY'S FEES AND COSTS AND SERVICE AWARD FOR CLASS REPRESENTATIVE** |

I, Samuel Z. Marks, make the following statement with regard to the above-captioned matter:

1.    I am the principal attorney of Marks Law Firm in Des Moines, Iowa and one of the attorneys representing the Plaintiff Kelli Simmons and the class in this case.

2.    I submit this Declaration in support of Plaintiff's Unopposed Motion for Final Aprroval of Class Action Settlement Including Motion for Attorney's Fees and Costs and Payment of Service Award for the Class Representative.

3.    I base this Declaration upon my own personal knowledge obtained through my role as counsel in this matter, including review of my records of time and expenses incurred, communications with settlement administrator Analytics LLC ("Analytics"), class member communications, and documents produced by Defendants Jeremey B.A. Fietelson and Nelsen & Fietelson Law Group PLC.

1

4.      No class member objected to the settlement in the manner required by the notice to the class as of the date of this Declaration.

5.      Based on my experience with litigating consumer protection cases, it is my opinion that the settlement reached in this matter was an excellent result for the Class. During the litigation, I spent considerable time researching and investigating Plaintiff's claims and Defendants' asserted defenses. I conducted discovery, and researched Defendants' practices, policies and procedures. This research and investigation provided me with a thorough understanding of the strengths and weaknesses of this case, and the ability to readily evaluate the risks associated with it, as well as the fairness of the proposed Settlement, which was reached after arm's-length negotiations. The benefits and value of the relief to Class Members is significant when analyzed in light of the risks of continued litigation and the possibility of receiving nothing.

6.      I kept contemporaneous time records for my work on this case, and my staff did the same. True and correct copies of my firm's time records are attached hereto as Exhibit A.

7.      The hourly rate of $350 applied in Exhibit A for attorney time is supported by my regular hourly rate billed in federal proceedings and is in line with what is regularly billed by other counsel in my jurisdiction.

| Attorney Fees/Expense | Rate | Hours | Costs | Totals |
|---|---|---|---|---|
| Filing Fee/Service Fee | | | $515.00 | $515.00 |
| Total Time Incurred to Date | $350/Hr | 30.56 | | $10,696.00 |
| Estimated Additional Time | $350/Hr | 5 | | $1,750.00 |
| Total | | | | $12,961.00 |

8.    I estimate that I will spend an additional five (5) hours between today and closing this matter on work related to preparing for the Court's final approval hearing, arguing the final approval motion, coordinating disbursement of the settlement funds, and communicating with the Plaintiff and with class members.

Dated this 15th day of July 2019.

/s/ Samuel Z. Marks
Sam Marks
Marks Law Firm
4225 University Ave
Des Moines, IA 50311
Telephone: 515-276-7211
Facsimile: 515-276-6280
Email: office@markslawdm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 15, 2019, I electronically filed the foregoing document along with its attachments with the Clerk of the Court using CM/ECF. I also certify that the foregoing document along with its attachments is being served this July 15, 2019 in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


By: _/s/_Samuel Z. Marks.

# EXHIBIT A



**LAW FIRM**

# Marks Law Firm

4225 University Ave.
Des Moines, Iowa 50311
United States
Phone: 515-276-7211

Kelly Simmons

# INVOICE

Invoice # 4:18-cv-206
Date: 06/26/2018

## Simmons v. Feitelson 4:18-cv-206

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Service | 04/29/2018 | Meet with client to discuss possible case for illegal debt collection. Identify all other possible plaintiffs | 1.50 | $350.00 | $525.00 |
| Service | 05/06/2018 | Research possible FDCPA/DCPA claims - begin drafting complaint | 2.50 | $350.00 | $875.00 |
| Service | 05/11/2018 | Research defendants - finish drafting complaint | 2.00 | $350.00 | $700.00 |
| Service | 06/25/2018 | Phone call with Thomas Lyons about filing and edits | 0.50 | $350.00 | $175.00 |
| Service | 06/26/2018 | File complaint | 0.34 | $350.00 | $119.00 |
| Expense | 06/26/2018 | Reimbursable expenses: Filing Fee | 1.00 | $400.00 | $400.00 |
| Expense | 06/26/2018 | Reimbursable expenses: Service for Nelsen & Feitelson Law Group PLC | 1.00 | $75.00 | $75.00 |
| Expense | 06/26/2018 | Reimbursable expenses: Service to Jeremy Feitelson | 1.00 | $40.00 | $40.00 |
| Service | 07/16/2018 | Phone call with M. Reilly about extension to file answer. Draft Motion to Extend and file the same. | 0.84 | $350.00 | $294.00 |
| Service | 07/16/2018 | Review answer filed by Feitelson and Nelson & Feitelson | 0.84 | $350.00 | $294.00 |
| Service | 08/14/2018 | Review Rule 12(b) motion, research the same; phone call with Tommy Lyons | 2.34 | $350.00 | $819.00 |
| Service | 08/16/2018 | Draft discovery | 2.17 | $350.00 | $759.50 |
| Service | 09/11/2018 | Review proposed scheduling order; Phone call with parties to discuss | 1.00 | $350.00 | $350.00 |

| | | | | | |
|---|---|---|---|---|---|
| Service | 09/15/2018 | Draft discovery | 1.50 | $350.00 | $525.00 |
| Service | 09/19/2018 | Review orders from court docket; note deadlines and dates | 0.50 | $350.00 | $175.00 |
| Service | 09/24/2018 | Draft initial disclosures, edits; phone call with Tommy Lyons about editing discover | 1.34 | $350.00 | $469.00 |
| Service | 10/24/2018 | Review Defendant's initial disclosures | 0.84 | $350.00 | $294.00 |
| Service | 10/31/2018 | Phone call with Tommy Lyons about discovery | 0.50 | $350.00 | $175.00 |
| Service | 11/01/2018 | Status conference and phone call with Tommy Lyons and client | 1.00 | $350.00 | $350.00 |
| Service | 11/06/2018 | Final edits to discovery | 0.50 | $350.00 | $175.00 |
| Service | 12/20/2018 | Review discovery responses and phone call with Tommy Lyons about net worth discovery | 2.00 | $350.00 | $700.00 |
| Service | 12/21/2018 | Edit supplemental discovery about net worth | 0.67 | $350.00 | $234.50 |
| Service | 01/29/2019 | Review protective order and phone call with Tommy Lyons | 0.50 | $350.00 | $175.00 |
| Service | 01/30/2018 | Review discovery response | 0.67 | $350.00 | $234.50 |
| Service | 02/25/2019 | Phone call with Tommy Lyons about settlement | 0.50 | $350.00 | $175.00 |
| Service | 03/07/2019 | Phone call with Tommy Lyons about settlement | 0.34 | $350.00 | $119.00 |
| Service | 04/28/2019 | Draft Declaration in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement with Exhibits | 4.17 | $350.00 | $1,459.50 |
| Service | 05/09/2019 | Review Order on Motion for Preliminary approval | 0.50 | $350.00 | $175.00 |
| Service | 07/15/2019 | Review attorney fees/costs time entries; Phone call with Tommy Lyons | 1.00 | $350.00 | $350.00 |

| | | |
|---|---|---|
| | Quantity Subtotal | 30.56 |
| | Quantity Total | 30.56 |
| | Total | $11,211.00 |

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|

| 4:18-cv-206 | 08/14/2019 | $11,211.00 | | $0.00 | $11,211.00 |
|---|---|---|---|---|---|
| | | | Outstanding Balance | | $11,211.00 |
| | | | Total Amount Outstanding | | $11,211.00 |

Please make all amounts payable to: Marks Law Firm